JUSTICE REGNIER
Dissenting.
¶29 I respectfully dissent. In my view the Court erred at the outset by incorrectly defining the nature and scope of its inquiry. The Court states that the correct inquiry in determining whether the Feights have the right to appeal from a denial of a motion to withdraw a guilty plea in the justice court is whether any specific statute authorizes such an appeal. I disagree. Although it is true, as the Court notes, that a defendant’s right to appeal a conviction from the justice court to the district court is purely statutory, there is a clear statutory basis for an appeal to the district court from a denial of a motion to withdraw a guilty plea.
¶30 Section 3-5-303, MCA, provides that the district court has appellate jurisdiction in cases arising in justice courts and other courts of limited jurisdiction in their respective districts as may be prescribed by law and consistent with the constitution, except as provided in § 46-17-203, MCA. Section 46-20-104(1), MCA, further prescribes that an appeal may be taken by the defendant only from a final judgment of conviction and orders after judgment which affect the substantial rights of the defendant. The proper inquiry then is whether there are any other specific statutory provisions that remove a defendant’s general right of appeal that the legislature has provided in § 46-20-104(1), MCA, and § 3-5-303, MCA.
¶31 Section 3-5-303, MCA, explicitly carves out one exception to this general right to appeal by specifically referring to those situations defined in § 46-17-203, MCA. Section 46-17-203(2), MCA, provides that a defendant who pleads guilty or nolo contendere in a court of limited *319 jurisdiction waives the right of trial de novo in district court. The Feights and the State agree that § 46-17-203, MCA, is inapplicable to the case at bar. The parties point out that the Feights seek “de novo” review by the District Court of their motion to withdraw their guilty pleas not a trial de novo. It is obvious why the parties reached this consensus. Section 46-17-203(2), MCA, is clearly inapplicable because the Feights did not seek a trial de novo, but, rather, sought de novo review by the District Court of their motion to withdraw their guilty pleas. Yet the majority curiously, and incorrectly in my view, rejects both the State and Feights’ analysis and concludes that the guilty plea exception contained in § 46-17-203, MCA, applies here “because the Feights pleaded guilty and, therefore, waived their right to appeal by a trial de novo.”
¶32 Two other statutes specifically refer to appeals from the justice court to the district court. Section 46-12-204, MCA, provides that a defendant may plead guilty or nolo contendere in the justice court and reserve the right to review, on appeal from the judgment, an adverse determination of any specified pretrial motion. Section 46-12-204, MCA, provides for review of an adverse ruling which the defendant receives prior to entering a guilty plea. The Feights did not preserve or seek appellate review of a pretrial motion invoking § 46-12-204, MCA, because they never filed a pretrial motion prior to entering guilty pleas. The Feights seek review of the guilty plea itself, not an adverse determination prior to the guilty pleas. Therefore, § 46-20-204, MCA, is inapplicable.
¶33 The other statute that addresses appeals from the justice court to the district court is § 46-17-311, MCA . Section 46-17-311(1), MCA, provides that except for cases involving the revocation of a suspended sentence and cases which are preserved for appeal pursuant to § 46-12-204, MCA, all cases on appeal from a justice or city court must be tried anew in the district court. Section 46-17-311(2), MCA, sets forth the procedure to be followed to perfect an appeal pursuant to this statutory provision. It provides that the defendant may appeal to the district court by filing a notice of appeal within 10 days after a judgment is rendered following trial. Section 46-17-311, MCA, does “provide the exclusive statutory remedy for appeals from the courts of limited jurisdiction” when a judgment is rendered following trial. The triggering event for purposes of § 46-17-311, MCA, is a trial. In this case no trial occurred. The Feights’ motion submitted to the District Court was not a “case” seeking trial anew or an appeal following a post-trial judgment. The Feights simply sought review of the Justice Court’s denial of their motion to withdraw their guilty pleas. Therefore, § 46-17-311, MCA, does not apply to the case at bar.
¶34 Since none of the statutes that limit appeals from the justice court to the district court apply in this instance, the general right to appeal found in § 46-20-104, MCA, and § 3-5-303, MCA, controls the *320 disposition of this case. As previously mentioned, the court dismisses § 3-5-303, MCA, under the rationale that this situation comes within the stated exception of § 46-17-203, MCA. However, the Feights are plainly not seeking a trial de novo but a review of the Justice Court’s denial of their motion to withdraw their guilty pleas. The Court then quickly discards the application of § 46-20-104, MCA, through a general versus specific statutory construction analysis. The Court correctly observes that “it is a well-settled rule of statutory construction that the specific prevails over the general.” The majority, however, overlooks the necessary predicate to this maxim of statutory construction: it applies only when the statutes are inconsistent with one another. § 1-2-102, MCA. The Court claims that the specific statutes discussed above, §§ 46-17-203, 46-17-311, and 46-12-204, MCA, are paramount to the more general provision found in § 46-20-104, MCA. I would agree with the Court’s analysis that to the extent those statutes conflict with § 46-20-104, MCA, they control. However, as discussed above, I see no conflict with these statutes and § 46-20-104, MCA.
¶35 Absent a statutory mandate to the contrary, defendants are entitled to appeal a justice court’s denial of their motion to withdraw a guilty plea pursuant to § 46-20-104, MCA, and § 3-5-303, MCA. I would reverse the District Court’s denial of the Feights’ motion as I believe the District Court had jurisdiction to consider their appeal. Therefore, I dissent.
JUSTICES TRIEWEILER and COTTER join in the foregoing dissent.